

COWAN,
DEBAETS,
ABRAHAMS &
SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

NANCY E. WOLFF
212 974 7474 EXT. 1940
NWOLFF@CDAS.COM

April 21, 2020

**VIA ECF AND EMAIL (Failla_NYSDChambers@nysd.uscourts.gov)**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re:   <u>McGucken v. Newsweek LLC, Case No. 1:19-cv-09617 (KPF)</u>

Dear Judge Failla:

We represent defendant Newsweek Digital LLC ("Newsweek") in the above-captions action, and we write in response to plaintiff Elliot McGucken's ("Plaintiff") letter request seeking leave to file a supplemental brief (the "New Opposition" or "New Opp."; Dkt. No. 28-1) in opposition to Newsweek's pending motion to dismiss (the "Motion") (*see* Dkt. No. 26), and to request reconsideration of Your Honor's Order granting Plaintiff's request for leave to file the New Opposition. Dkt. No. 29. Because the proposed New Opposition is a patently improper and inappropriate submission at this stage, and because Newsweek just learned, upon reading the proposed New Opposition filed with Plaintiff's letter request, that it had consented to the filing of the New Opposition based on misrepresentations by Plaintiff and his counsel concerning the reason for the filing, Plaintiff's request should be denied.

On January 7, 2020, Your Honor held a pre-motion conference regarding Newsweek's intended Motion and subsequently ordered that Newsweek file its moving brief by February 28, 2020, that Plaintiff file its opposition brief by March 30, 2020, and that Newsweek file its reply brief by April 13, 2020. Thereafter, the deadlines for Plaintiff's opposition brief and Newsweek's reply brief were adjourned to April 13, 2020 and April 27, 2020, respectively. Dkt. No. 25.

Plaintiff's 24-page original opposition (the "Original Opposition" or "Orig. Opp.") was filed on April 13, 2020. Over five of those pages directly addressed Newsweek's argument that it had validly obtained a license from Instagram to share Plaintiff's publicly-posted Instagram content via Instagram's application programming interface ("API"). This was the second time Plaintiff had the opportunity to brief this issue, as it had already outlined its arguments in advance of the pre-motion conference. *See* Dkt. No. 14.

On April 13, 2020, a decision was issued in *Sinclair v. Ziff Davis, LLC*, 18-cv-00790 (S.D.N.Y.), wherein Judge Wood held that Instagram's agreements permitted Mashable to share the plaintiff's content using its API. On April 16, 2020, counsel for Plaintiff requested Newsweek's consent to seek leave to "file a supplemental brief to address the recent opinion from Judge Wood." *See* Exhibit 1 attached hereto.



COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

While Newsweek consented to Plaintiff's counsel's request out of professional courtesy trusting that the New Opposition would, as Plaintiff represented, be exclusively aimed at addressing the *Sinclair* decision, what Plaintiff actually filed was an entirely new set of arguments in opposition to Newsweek's Motion, with new legal theories, and new positions, which reads more like a request for reconsideration of the *Sinclair* decision than a response to Newsweek's moving brief. Newsweek consented to Plaintiff's request to file a supplemental brief with the expectation that the brief would serve to distinguish *Sinclair* from the case at bar (to the extent possible), not to try and attempt to remedy its own failure to make certain arguments in its Original Opposition despite the ample time it had to prepare such submission. Plaintiff's proposed New Opposition is a transparent attempt to redraft and reargue an obviously flawed Original Opposition.

It cannot be reconciled why Plaintiff did not make many of the arguments set forth in his New Opposition in his Original Opposition, particularly where all of the cases cited in support of such arguments (with the exception of *Sinclair*), pre-dated the submission of his Original Opposition. For example, Plaintiff argues at length that the *Morel* case precludes Newsweek's defense. Indeed, the first page of his New Opposition is entirely devoted to detailing *Morel*. While this argument is meritless for the reason referenced in Newsweek's moving brief (*see* Dkt. No. 14 at 14, n. 17), *Morel* is not mentioned *once* in Plaintiff's Original Opposition. Plaintiff should not now be able to rewrite his Opposition in a post-hoc attempt to bolster his arguments under the guise of addressing new case law.

By way of another example, Plaintiff already addressed his argument that "Newsweek was not an intended beneficiary of the Instagram terms at issue" in his Original Opposition. Orig. Opp. at 13-14. Yet in his New Opposition, he revisits the issue, but still fails to cite any authority post-dating his Original Opposition that could account for his request to re-brief the topic.

Plaintiff's request for Newsweek's consent was a wholesale bait-and-switch and an inappropriate bid to revisit issues he already had sufficient time to research and brief. For the reasons set forth above, Newsweek respectfully requests that the Court reconsider its Order granting Plaintiff's request for leave to file his New Opposition.[1]

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/Nancy E. Wolff
Nancy E. Wolff

cc:    All counsel of record (via CM/ECF)

---

[1] In the event that the Court does grant Plaintiff leave to file a supplemental brief in opposition to Newsweek's Motion, Newsweek requests that it be limited in scope by Your Honor to address only the *Sinclair* decision, which was the stated basis for Plaintiff's request to begin with.

The Court is in receipt of Defendant's letter informing the Court of Plaintiff's misrepresentations regarding its supplemental brief.  Upon due consideration, the Court will follow Defendant's suggestion and will only consider those portions of the supplemental brief that directly address Judge Wood's opinion in *Sinclair*, and grants Defendant permission to, in its reply, ignore extraneous portions of the supplemental brief.  The Court warns counsel for Plaintiff that it will look less kindly on such "bait and switch" tactics in the future.

Dated:    April 21, 2020          SO ORDERED.
          New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE