**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual, | Civil Action No.: 1:19-cv-09617-KPF |
| Plaintiff, | **PLAINTIFF ELLIOT MCGUCKEN'S** |
| | **OPPOSITION TO NEWSWEEK, LLC's** |
| v. | **MOTION FOR RECONSIDERATION** |
| NEWSWEEK LLC, a New York Limited | |
| Liability Company; and DOES 1-10, inclusive, | |
| Defendants. | |

i

## **<u>TABLE OF CONTENTS</u>**

I.      THE MOTION SHOULD BE DENIED.....................................................................1

II.     SALIENT BACKGROUND......................................................................................1

        A.  Instagram does not grant sublicenses to websites like Newsweek .........................2

        B.  *Sinclair* has been reconsidered.................................................................3

III.    LEGAL STANDARD.............................................................................................3

IV.     ARGUMENT.......................................................................................................5

        A.  Instagram's Embedding Policy did not grant

            Newsweek a sublicense to exploit McGucken's work ...........................................5

        B.  *Sinclair* now rejects Newsweek's argument ..................................................8

        C.  Instagram's position on sublicensing dooms Newsweek's argument.....................8

        D.  Further briefing is unnecessary .................................................................10

        E.  Newsweek's counsel have violated their duty of candor........................................11

V.      THIS MOTION FAILS..........................................................................................13

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Analytical Surveys, Inc. v. Tonga Partners, L.P.,*
  684 F.3d 36 (2d Cir. 2012).............................................................................4

*Boarding Sch. Review, LLC v. Delta Career Educ. Corp., 11 Civ. 8921(DAB),*
  2013 WL 6670584...........................................................................................9

*Boyd v. J.E. Robert Co.,*
  2013 WL 5436969 (E.D.N.Y. Sept. 27, 2013)..............................................4

*Galindo v. E. Cty. Louth Inc.,*
  2017 WL 5195237 (S.D.N.Y. Nov. 9, 2017) .............................................. 13

*Gardner v. Nike, Inc.,*
  279 F.3d 774 (9th Cir. 2002)..................................................................6, 12

*In re Health Mgmt. Sys., Inc. Sec. Litig.,*
  113 F. Supp. 2d 613 (S.D.N.Y. 2000)...........................................................3

*Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,*
  729 F.3d 99 (2d Cir. 2013)...........................................................................4

*Mason Agency Ltd. v. Eastwind Hellas SA,*
  2009 WL 3169567 (S.D.N.Y. Sept. 29, 2009) ............................................ 12

*McGucken v. Newsweek LLC,*
  2020 WL 2836427 (S.D.N.Y. June 1, 2020)................................................5

*Nakshin v. Holder,*
  360 F. App'x 192 (2d Cir. 2010) ..................................................................4

*Shrader v. CSX Transp., Inc.,*
  70 F.3d 255 (2d Cir. 1995).............................................................................4

*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.,*
  642 F. Supp. 2d 206 (S.D.N.Y. 2009).........................................................4

*Sinclair v. Ziff Davis, LLC,*
  2020 WL 1847841 (S.D.N.Y. Apr. 13, 2020) ............................................. 8

*Sinclair v. Ziff Davis, LLC,*
  2020 WL 3450136 (S.D.N.Y. June 24, 2020)............................... 3, 5, 8, 12

*Vill. of Freeport v. Barrella,*
  814 F.3d 594 (2d Cir. 2016).......................................................................... 12

*Ward v. Nat'l Geographic Soc.,*
  208 F. Supp. 2d 429 (S.D.N.Y. 2002).....................................................5, 12

*Rules*

Fed. R. Evid. 201 ...............................................................................................9

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION

**I.      The motion should be denied.**

Defendant Newsweek LLC's ("Newsweek") Motion for Reconsideration ("Motion") is meritless. On June 1, 2020, the Court rightly denied Newsweek's Motion to Dismiss plaintiff Elliot McGucken's ("McGucken") Amended Complaint, holding that there was no evidence of a sublicense between Instagram and Newsweek. (Dkt. No. 35.) Still pointing to no such evidence, Newsweek recycles a legal theory that flies in the face of both Instagram's public position on sublicensing and another recent apposite decision in this District. Indeed, Instagram has now made clear that it does *not* provide users of its embedding API a copyright sublicense to display embedded photographs on their third-party websites.

Notably, Newsweek fails in its Motion to advise the Court of Instagram's public position on a point crucial to its Motion. It also fails to advise the Court that the primary authority on which its Motion relies has been reconsidered and found to be "clear error."  The Motion fails.

**II.     Salient Background**

As this court may recall, the initial decision in *Sinclair v. Ziff Davis, LLC* et al. (18-CV-790-KMW), which was the first to address the Instagram platform license, issued the same day that McGucken's opposition to Newsweek's initial motion was due in this case. So owing, he filed, with the consent of the court and opposing counsel, a supplemental brief addressing the decision. See Dkt. No. 28.

Newsweek, displeased with McGucken's brief, denigrated his submission as a "bait-and-switch" and asked the Court to reconsider its grant of leave to file the brief. Id. at No. 30.

- 1 -

McGucken responded, noting the importance and novelty of the *Sinclair* decision and advising the Court that Newsweek had failed to make the very argument upon which the *Sinclair* decision was based.[1] Id. at No. 32. To ensure a fulsome record, McGucken stated that while the argument would normally be waived, he would not object to Newsweek raising it in its reply if the Court considered the breadth of McGucken's supplemental brief. Id. Newsweek maintained its objection to McGucken's supplemental brief in its reply brief and only now, after its initial motion was denied, does it endeavor to brief the Court as McGucken earlier proposed. Unfortunately, Newsweek's motion is meritless and appears to violate the duty of candor to the Court in at least two crucial ways:

### A.    Instagram does not grant sublicenses to websites like Newsweek.

Newsweek argues that Instagram granted a sublicense to Newsweek to exploit McGucken's photography. But, before the filing of Newsweek's Motion, Instagram publicly clarified that it does not grant sublicenses to websites like Newsweek. Instagram's public statement aligned with this Court's order, which held that there was no evidence that Instagram granted Newsweek a sublicense to exploit McGucken's photography. It is troubling that defense counsel, who was aware of Instagram's public statement, failed to advise the court of same while arguing that Instagram's position was the exact opposite of what Instagram publicly stated it to

---

[1] In essence, the argument was that that a third-party website need not be an intended third-party beneficiary in order to receive a license via an Instagram post.

be. McGucken's counsel advised Newsweek's counsel of this violation of the duty of candor, and requested that the Motion be withdrawn, but Newsweek indicated it would move forward.

**B.    *Sinclair* has been reconsidered.**

Newsweek relies extensively on *Sinclair* in its brief. Yet, on June 24, 2020,[2]  the *Sinclair* court, citing, *inter alia,* this Court's order, reconsidered its prior decision, calling it "clear error," and concluding that nothing in the pleadings or Instagram policies established that the defendants held a valid sublicense from Instagram. *Sinclair v. Ziff Davis, LLC*, No. 18-CV-790 (KMW), 2020 WL 3450136, at *2 (S.D.N.Y. June 24, 2020)("in light of the persuasive authority of *McGucken*, and in order to correct clear error, the Court holds that Plaintiff's copyright claim against Mashable cannot be dismissed on the basis of Mashable's sublicense defense on the record presently before the Court.") The *Sinclair* court's reconsidered decision now accords with the decision reached by this Court. And *Sinclair* now holds that it was "clear error" to embrace the argument that Newsweek urges this Court to embrace. In sum, Newsweek's arguments are directly contravened by both the *Sinclair* court and Instagram itself. The motion fails.

**III.    Legal standard**

Reconsideration of a previous court order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health*

---

[2] It issued after Newsweek filed its motion, but there has been more than enough time (especially given that Newsweek knew that McGucken's opposition was due on June 30, 2020) to either withdraw the Motion or at the very least advise the Court that the very decision underpinning its Motion was not only reconsidered but declared "clear error." Id.

*Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted). Motions for reconsideration are disfavored and are granted only upon a showing of exceptional circumstances. *Boyd v. J.E. Robert Co.*, No. 05-CV-2455, 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (*quoting Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010)) (quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014). Accordingly, in the Second Circuit, a Rule 59(e) motion to alter or amend a judgment, like a motion for reconsideration or reargument under Local Civil Rule 6.3, will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Rule 6.3. The moving party must not use the motion as an opportunity to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners*, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce  new evidence in response to the court's ruling.'") (citations and quotation omitted). Rather, the party seeking reconsideration must "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" for the court to grant such a motion. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted). Newsweek fails to satisfy this standard.

- 4 -

### IV.     Argument

Newsweek seeks reconsideration to prevent manifest injustice but falls well short of making the requisite showing. Its Motion should be denied.

### A.     Instagram's Embedding Policy did not grant Newsweek a sublicense to exploit McGucken's work.

Newsweek's averment that Instagram's "Embedding Policy" is somehow evidence that Instagram granted Newsweek a sublicense is meritless. The Court correctly found that "there is no evidence before the Court of a sublicense between Instagram and [Newsweek]." *McGucken v. Newsweek LLC*, No. 19 CIV. 9617 (KPF), 2020 WL 2836427, at *4 (S.D.N.Y. June 1, 2020). Newsweek's argument that the Embedding Policy is a license to exploit McGucken's photography is facially untenable for numerous reasons. First, it is a "Policy," not a contract or agreement, and simply lays out general parameters to be observed by users of its API. Second, there is no evidence that McGucken ever used Instagram's API, or that he ever agreed to the "Embedding Policy." Third, Newsweek failed to abide by the guidelines in the "Embedding Policy," such as obtaining McGucken's consent before exploiting his photography. Fourth, as discussed below, Instagram has now expressly and publicly stated that it does not grant sublicenses of the type claimed by Newsweek in this case. Fifth, and crucially, there is no evidence that Instagram "explicitly consented" to Newsweek's exploitation of McGucken's work, which is **required**. *See Sinclair*, 2020 WL 3450136, at *1(court erred in finding Instagram sublicense because it "did not give full force to the requirement that a license must convey the licensor's 'explicit consent'" to use a copyrighted work), citing *Ward v. Nat'l Geographic Soc.*,

---

208 F. Supp. 2d 429, 442–43 (S.D.N.Y. 2002) (Kaplan, J.), quoting *Gardner v. Nike, Inc.*, 279 F.3d 774, 781 (9th Cir. 2002). Thus, the Embedding Policy is not evidence of a sublicense between Instagram and Newsweek.

Accordingly, whether the Court took judicial notice of Instagram's Embedding Policy is irrelevant in determining the existence of a sublicense between Newsweek and Instagram. As Newsweek illustrates via screenshot, when users exploit the embed provided by Instagram, they must agree to Instagram's API Terms of Use. See Motion, p. 4, 7. The API Terms of Use links to the Platform Policy[3], which provides guidance and restrictions on the exploitation of user content. The Platform Policy also instructs users to comply with the Instagram Terms of Use[4] and Instagram Community Guidelines[5]. The Embedding Policy is thus subject to these guidelines, of which the Court properly took judicial notice of. (Dkt. No. 35, pp. 3-4, n. 2). Notably, Newsweek never established that McGucken agreed to the Embedding Policy.

Even if he did, the Embedding Policy is subject to additional terms, which clearly restrict the rights of third parties, and it contains no express grant. Yet Newsweek argues that Instagram exercised its right to sublicense McGucken's content through an "express grant" in the Embedding Policy. See Motion, p.5. Notably, Newsweek fails to specify where this alleged

---

[3] *Platform Policy*, INSTAGRAM, https://www.instagram.com/about/legal/terms/api/, last visited June 30, 2020.
[4] *Terms of Use*, INSTAGRAM, https://help.instagram.com/478745558852511, last visited June 30, 2020.
[5] Community Guidelines, INSTAGRAM, https://help.instagram.com/477434105621119/, last visited June 30, 2020.

"express grant" can be found in the Embedding Policy. This is likely because, as now confirmed in *Sinclair*, it does not exist.

Despite its inability to identify what language provides third parties with an "express grant," Newsweek contends that "to interpret the Embedding Policy as anything other than a broad grant of permission to third parties to share publicly posted content without any requirement of individualized approval in each instance, would not only be antithetical to the well-known sharing purpose of Instagram, but it would place Instagram in the untenable position of urging its users to violate copyright law, and encouraging infringement, all without any warning to its users that additional consent was required." But this is demonstrably false. As indicated previously, in order to agree to the Embedding Policy, API users must also agree to Instagram's Platform Policy, Terms of Use, and Community Guidelines, which explicitly instruct users to obtain additional consent from content owners. See Platform Policy[6], Terms of Use[7], and Community Guidelines[8]. To recognize the Embedding Policy as the express sublicense would be at odds with these terms. Newsweek's interpretation, and its argument based thereupon, fails.

---

[6] *Platform Policy*. ("You are solely responsible for making use of User Content in compliance with owners' requirements or restrictions." (A, 11); "Obtain a person's consent before including their User Content in any ad." (A, 13); "You represent and warrant that you own or have secured all rights necessary to display, distribute and deliver all content in your app or website. To the extent your users are able to share content from your app or website on or through Instagram, you represent and warrant that you own or have secured all necessary rights for them to do so in accordance with Instagram's available functionality." (D, 9))

[7] *Terms of Use*. ("This agreement does not give rights to any third parties.")

[8] Community Guidelines, The Long. ("Share only photos and videos that you've taken or have the right to share. As always, you own the content you post on Instagram. Remember to post

---

**B.**     *Sinclair* **now rejects Newsweek's argument.**

Newsweek's reliance on the initial decision in *Sinclair v. Ziff Davis, LLC*, No. 18-CV-790 (KMW), 2020 WL 1847841 (S.D.N.Y. Apr. 13, 2020) is also unpersuasive. The portion of the decision upon which Newsweek relies has now been declared "clear error" because Instagram's Embedding Policy and other terms comprise "insufficient evidence to find that Instagram granted [the defendant publisher] a sublicense to embed [p]laintiff's [p]hotograph on its website." *Sinclair*, 2020 WL 3450136, at *1. The *Sinclair* analysis supports denial of the Motion.

**C.**     **Instagram's position on sublicensing dooms Newsweek's argument.**

The availability of new evidence or authority may support reconsideration in certain instances. Here, though, the new authority, viz., *Sinclair*, establishes the precision and rectitude of the Court's decision. And the new evidence, in the form of Instagram's public position on embed sublicenses, does the same. Newsweek argues that Instagram somehow conveyed to it a sublicense to use McGucken's photography. Instagram, on or around June 4, 2020, directly rejected this position, stating:

> "While our terms allow us to grant a sub-license, we do not grant one for our embeds API[.] […] Our platform policies require third parties to have the necessary rights from applicable rights holders. This includes ensuring they have a license to share this content, if a license is required by law."

---

authentic content, and <u>don't post anything you've copied or collected from the Internet that you don't have the right to post</u>." (emphasis added.)

See Timothy B. Lee, *Instagram just threw users of its embedding API under the bus*, ARS TECHNICA, June 4, 2020,  https://arstechnica.com/tech-policy/2020/06/instagram-just-threw-users-of-its-embedding-api-under-the-bus/. Several other publications have also reported Instagram's position, which makes clear that Newsweek enjoyed no sublicense here.[9]

Newsweek was aware of Instagram's stance before it filed its Motion, yet Newsweek failed to include any mention of Instagram's announcement. As discussed below, Newsweek's failure to advise the Court that Instagram had publicly stated that it does not provide an embed

---

[9] McGucken requests that the Court take judicial notice of these articles, which are publicly available periodicals whose accuracy can be "readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201; see also *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.,* 11 Civ. 8921(DAB), 2013 WL 6670584, at *1 n. 1 (S.D.N .Y. Mar. 29, 2013) ("The Court generally has the discretion to take judicial notice of internet material."). The articles sought to be judicially noticed are: Timothy B. Lee, *Instagram just threw users of its embedding API under the bus*, ARS TECHNICA, June 4, 2020, https://arstechnica.com/tech-policy/2020/06/instagram-just-threw-users-of-its-embedding-api-under-the-bus/; Brittany Hillen, *Instagram clarifies its sublicense terms don't cover embedded images*, DIGITAL PHOTOGRAPHY REVIEW, June 5, 2020, https://www.dpreview.com/news/1733626491/instagram-clarifies-its-sublicense-terms-don-t-cover-embedded-images; DL Cade, *Instagram Says You Need Permission to Embed Someone's Public Photos*, PETA PIXEL, June 5, 2020, https://petapixel.com/2020/06/05/instagram-says-you-need-permission-to-embed-someones-public-photos/; Matt Southern, *Instagram Says Sites May Need Permission to Embed Photos*, SEARCH ENGINE JOURNAL, June 6, 2020, https://www.searchenginejournal.com/instagram-says-sites-may-need-permission-to-embed-photos/371416/; *Instagram says no more free pass for embedding posts, sites would need photographers' permission to use pics*, ECONOMIC TIMES, June 8, 2020,  https://economictimes.indiatimes.com/magazines/panache/instagram-says-no-more-free-pass-for-embedding-posts-sites-would-need-photographers-permission-to-use-pics/articleshow/76256458.cms?from=mdr; Ernie Smith, *Instagram's Surprise Headache for Publishers*, ASSOCIATIONS NOW, June 8, 2020, https://associationsnow.com/2020/06/instagrams-surprise-headache-for-digital-publishers/; and Kehl Bayern, *Instagram Lets the World Know That Embedding an Image Does Not Grant a Sublicense*, LIGHT STALKING, June 10, 2020, https://www.lightstalking.com/instagram-lets-the-world-know-that-embedding-an-image-does-not-grant-a-sublicense/.

sublicense while arguing to the Court that Instagram provided to Newsweek an embed sublicense violated the duty of candor.

### D.     Further briefing is unnecessary.

Two courts and Instagram itself have now concluded that Newsweek, and sites like it, are not entitled to freely pilfer any photography publicly published on Instagram. Newsweek's plea for further briefing is thus frivolous. Curiously, Newsweek spends three-and-a-half pages of its reconsideration brief averring that it was "not given a full opportunity to brief or argue" the issue of whether there was any evidence before the Court of a sublicense between Instagram and Newsweek.  See Motion, pp. 8-11. But a core argument of Newsweek's motion to dismiss was that it held a valid sublicense from Instagram, and it would have in fact been improper for it to offer new evidence of that in its reply brief. And, of course, Newsweek has now had the benefit of a second (and likely a third, on reply) brief to more fully ventilate its position. It is unclear what additional consideration or briefing it is requesting in its Motion.

It must also be resurfaced that counsel for McGucken offered Newsweek the opportunity for further briefing back when he filed his follow-up letter regarding McGucken's supplemental brief. See U.S.D.C. Dkt. No. 32. ("Newsweek can [] raise *Sinclair*-related arguments in its reply and the Court can potentially invite oral argument if necessary.") Then, in its reply, Newsweek made several arguments addressing this very issue, including: "Newsweek's ability to obtain a sub-license from Instagram operates independently from any license of the stand-alone image potentially issued by him" (Reply, p. 4); "in publicly posting the Instagram Post – and thus agreeing to Instagram's Agreements – a license was granted to third parties to share the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

Instagram Post via web embed using Instagram's API" (Id.); and "[t]he sub-license itself is not a 'right' that must be granted" (Reply, p.5). See U.S.D.C. Dkt. No. 34. And although these arguments are unconvincing, they demonstrate that Newsweek had the opportunity to advance the positions. Its plea for further briefing is unpersuasive.

Moreover, Newsweek *did* address arguments in its reply that it believed to "fall[] into the category excluded from consideration by the Court," noting that it would address such arguments "in an abundance of caution."  See U.S.D.C. Dkt. No. 34, p. 5, n. 12. Newsweek also fails to specify what additional arguments would support its defense. Indeed, in light of Instagram's clarification and the *Sinclair* reconsideration, no amount of further briefing would establish even a possibility of a Newsweek sublicense. The Motion should be denied.

**E.      Newsweek's counsel have violated their duty of candor.**

Newsweek argues to this Court that Instagram granted to it a license of the type that Instagram has publicly stated does not exist. In doing so, it failed to advise the Court of Instagram's position. McGucken's counsel advised Newsweek of this transgression and Newsweek remained steadfast in its perpetration. Newsweek also relies heavily on the initial *Sinclair* ruling and continues to do so despite its reconsideration for "clear error." Newsweek failed to advise the Court that its primary authority is no longer citable authority.

Finally, Newsweek argues that Instagram granted to Newsweek a sublicense to use McGucken's work without having to actually "exercise" its right to sublicense. See Motion, p. 5. Newsweek's argument, which appears to be a cynical attempt to capitalize on the "clear error" in the *Sinclair* decision, is foreclosed by both *Sinclair* and Instagram's public position. *Sinclair*

- 11 -

(and the cases upon which it relies) makes clear that a putative licensor "must convey the licensor's 'explicit consent' to use a copyrighted work." *Sinclair,* 2020 WL 3450136, at *1, citing *Ward*, 208 F. Supp. 2d at 442–43, quoting *Gardner*, 279 F.3d at 781. Newsweek's argument that "there is no requirement that Instagram approve individual sublicenses in order to 'exercise' its right to sublicense," is clearly one that is unsupported by law and one that should have been withdrawn upon the issuance of  Instagram's statement and the *Sinclair* reconsideration order.

These violations are particularly stark in light of the pejorative nature of the Motion itself, which employs multiple pages to assert, for example, that "the briefing on Newsweek's Motion was complicated by misrepresentations" made by McGucken. See Motion, p. 8. Yet, in its Motion, Newsweek has been less than forthcoming with opposing counsel and this Court.

And Newsweek's conduct is not only unseemly, but a violation of duty. Specifically, Newsweek had an ethical obligation to advise the Court that *Sinclair* had been reconsidered, particularly given its importance to the legal analysis at bar. *Vill. of Freeport v. Barrella*, 814 F.3d 594, 609, n.60 (2d Cir. 2016) ("We remind counsel that attorneys have an ethical obligation to 'disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client'"), quoting N.Y. Rules of Prof. Conduct 3.3(a)(2).

Newsweek's counsel's failure to advise the Court of Instagram's position on the key issue at bar also violated their ethical duty of candor in their dealings with the Court. *See, e.g., Mason Agency Ltd. v. Eastwind Hellas SA*, No. 09-CV-06474 (DLC), 2009 WL 3169567, at *2 (S.D.N.Y. Sept. 29, 2009) ("The rules of professional responsibility ... impose upon attorneys

- 12 -

a duty of candor in all representations they make before a tribunal."). Arguing to the Court that Instagram granted Newsweek a sublicense with knowledge that Instagram had publicly stated it did not grant such sublicenses violated this duty of candor.

While McGucken does not seek sanctions at this time, this action has been, and seems likely to continue to be, vigorously litigated, and as such he believes it would be beneficial to remind Newsweek of its duty of candor. See *Galindo v. E. Cty. Louth Inc*., No. 16 CIV. 9149 (KPF), 2017 WL 5195237, at *5 (S.D.N.Y. Nov. 9, 2017)("At this juncture, the Court will simply remind the Lee firm of its duty of candor to the Court; should this recur, the Court will consider other, more punitive measures.").

### V.  This motion fails.

Newsweek, a for-profit publisher that was paid to publish advertising alongside McGucken's original photography, argues that reconsideration of the Court's June 1st Order is necessary to prevent *manifest injustice*. This is poppycock. Newsweek willfully infringed McGucken's rights to increase profits. Recall that Newsweek sought from McGucken a license to publish the photography at issue and when he did not grant the license, Newsweek simply copied and posted his photography in defiance of his wishes. A company that wants to earn advertising revenue by exploiting artists' creativity without their (and in defiance of their) consent, can hardly be heard to claim injustice.

///

- 13 -

Newsweek's self-serving and now-rejected interpretation of Instagram's terms would serve only to enrich Newsweek at the expense of artists and must be rejected. Newsweek's second bite at the apple fares no better than its first. The Motion should be denied.

Respectfully submitted,

DONIGER / BURROUGHS

Dated: June 30, 2020
Brooklyn, New York

By:     */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
231 Norman Avenue
Suite 413
Brooklyn, New York
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
Attorneys for Plaintiff
ELLIOT MCGUCKEN

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION