

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

October 1, 2021

**DELIVERED VIA ECF AND EMAIL**
The Honorable Katherine Polk Failla
Failla_NYSDChambers@nysd.uscourts.gov

|   |   |   |
|---|---|---|
| | **Case Title:** | *McGucken v. Newsweek, LLC et al.* |
| | **Case No.:** | 1:19-cv-09617-KPF |
| | **Re:** | **Notice of Recent S.D.N.Y. Authority** |

Your Honor:

    This office represents Plaintiff, Dr. Elliot McGucken ("McGucken"), in the above-referenced action. We write to provide notice of another recently issued decision relevant to the pending motions. The ruling issued in the S.D.N.Y. case entitled *Hunley et al. v. Buzzfeed, Inc.,* 1:20-cv-08844-ALC, Dkt. #49 ("Opinion"). A copy of the Opinion, which issued on September 30, 2021, after briefing on the parties' respective summary judgment motions was complete, is attached hereto as **Exhibit 1**.

    The Opinion is highly relevant for our purposes because therein the Honorable Andrew L. Carter joins the cohort rejecting the arguments advanced by Defendant Newsweek Digital LLC ("Newsweek"). The Opinion is consistent with Your Honor's prior rulings in this case, Judge Wood's decision in *Sinclair v. Ziff Davis, LLC*, No. 18-CV-790 (KMW), 2020 WL 3450136, (S.D.N.Y. June 24, 2020), and Judge Rakoff's decision in *Nicklen and Mittermeier v. Sinclair Broadcast, Group, Inc., et al.,* 1:20-cv-10300-JSR, Dkt. #102.

    First, the Opinion further clarifies that third parties must obtain permission from content owners to display their work holding that:

> "As Instagram account holders, [p]laintiff[] and [defendant] are subject to Instagram's Terms of Use, which stipulates that Instagram users retain ownership of their copyrighted photos and videos that they may post on their Instagram accounts but that Instagram is granted a nonexclusive license to the content the user posts, including copyrighted photos or videos. This agreement gives Instagram the right to sublicense copyrighted photos and videos. Additionally, according to the Instagram Platform Policy, **Instagram embed users are not automatically granted a license, sublicense, or implied sublicense to freely embed or display the photos and videos of Instagram account holders absent confirmation that [defendant] received 'all rights necessary to display the content of general Instagram users.'** (citing Instagram Platform Policy generally)"

*Hunley*, at f.n. 2. (internal citations omitted).

    Per the above, Newsweek, as an Instagram embed user, was required, to obtain McGucken's consent before displaying his work. And as further set out in the Opinion, having a public Instagram profile has no bearing on the existence of a sublicense. See *Hunley* at f.n. 3 (rejecting defendant's arguments that "(1)

Embedded photographs cannot be the subject of copyright infringement claims, and (2) [p]laintiffs granted [defendant] license to use their works when they placed the photographs on their public Instagram accounts.")

The Opinion also rejected the argument that embedding an Instagram post into an article is sufficiently transformative and thus constitutes fair use:

> "[T]he alleged use here is not transformative because the Post fails to alter the photographs with new expression, meaning, and message. […] [Defendant] merely uses the photographs to identify the photojournalists and makes no modification to the copyrighted material after embedding the photos. The Post itself does not go beyond simply collecting photos and names of photojournalists. And it does not provide any altered expression or meaning to the allegedly infringed work beyond that for which it was originally created by the copyright holders."

*Hunley*, at p. 6 (citations omitted).

We thank Your Honor for consideration of the foregoing.

                                              Respectfully submitted,

By:  */s/ Scott Alan Burroughs*
      Scott Alan Burroughs
      Laura M. Zaharia
      For the Plaintiff